J. O. ALLEN v. STATE.

No. A-4246. Opinion Filed Dec. 10, 1924.

(231 Pac. 96.)

(Syllabus.)

1. Burglary—Doubt as to Whether Refrigerator is Part of Building or Trade Fixture to be Resolved in Favor of Accused. Where an employee in an ice and cold storage plant is charged with burglary by breaking into a refrigerator or cold storage vault, and the evidence is not clear as to whether the refrigerator was "a part of the building," within the meaning of the penal statute on that point, or was a trade fixture only, that doubt should be resolved in favor of the defendant.

2. Jury—Qualifications—Secret Order Membership. Mere membership in a secret order is no ground for a challenge of a juror for cause, but that fact may be a subject of inquiry, where a sufficient proffer is made, in good faith, showing that such membership may amount to bias, express or implied.

Appeal from District Court, Muskogee County; Benj. B. Wheeler, Judge.

J. O. Allen was convicted of second degree burglary, and he appeals. Reversed and remanded.

Disney & Wheeler, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J.  J. O. Allen, plaintiff in error, defendant in the trial court, was convicted in the district court of Muskogee county of the crime of burglary in the second degree. By the verdict of the jury his punishment was fixed at confinement in the penitentiary for a term of two years.

The evidence shows that Fred B. Reed, Kenneth Reed, Tom Reed, and K. K. Hendricks comprised the stockholders of an ice manufacturing and storage corporation; that Fred B. Reed was its president and  manager, and that Kenneth Reed was an assistant manager; that this corporation, in addition to the manufacturing of ice, maintained a cold storage plant; that the ice, as it was taken from the  containers in which it was frozen, was stored in built-in refrigerators or vaults constructed of insulated materials, cement, wood, and cork, made in sections; that one of these refrigerating compartments or vaults was equipped and used for the preservation of fish and oysters kept for sale.

The defendant was the night manager and night foreman of the ice manufacturing and ice storage departments, and, among other duties, was required each hour during the night to "pull the ice" from the freezing containers, and look after the running of the engine and machinery, and to sell ice during the night, at retail.

This business was carried on in leased premises, on the first floor of the convention hall building, a large structure extending from one street to another. The prosecuting witness Fred Reed, who was the managing president, claimed that the defendant had charge only of the engine room and machinery, the machinery and equipment used in freezing the ice, and the storage vaults for the ice, not including the fish and oyster refrigerator or compartment. The defendant claims that he had supervision and was overseer, during the night of every part of the business excepting only the office, including the fish and oyster refrigerator compartment. The entrance door to this fish and oyster compartment was so constructed as to fit tightly by means of a wooden wedge or pin, forced into a hasp or staple.

The prosecuting witness had sleeping quarters in an upper story room of the building, and had installed an electrical attachment connected to the door of this fish and oyster storage compartment and leading by wires to this room, as a burglar alarm. About 5 o'clock in the morning this alarm awoke the prosecuting witness, and he went to this vault, and there found the defendant emerging with a can containing a quantity of fish. The defendant explained that he was in the act of selling and delivering the fish to some Indians who were about to leave on an early morning train; that he expected to collect the retail price of the fish from the Indians and place it in his cash register along with the money he had collected during the night for the ice he had sold. This explanation did not satisfy the prosecuting witness, who called the police, and caused the defendant to be placed under arrest.

The defendant at the trial claimed that his entrance into this storage compartment was authorized, and was accomplished without the breaking of locks or the use of any unlaw-

ful force, and that it was known to his employers that he sometimes entered this vault for inspection or other purposes; that at one time he had been commended by Kenneth Reed for going into this compartment and repairing some ammonia pipes which had broken. The prosecuting witness denied that defendant was authorized or permitted to enter this compartment. Kenneth Reed, the assistant manager, did not testify.

The defendant, in this appeal, claims that the evidence is insufficient to support the verdict. This prosecution was brought under the provisions of the second subdivision of section 2063, Comp. Stat. 1921, which is as follows:

"Any person who breaks and enters in the day time or in the night time, either: First. Any building within the curtilage of a dwelling house, but not forming a part thereof; or, Second. Any building or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

Assuming that the defendant's entrance into this fish and oyster compartment was unauthorized (and as to this issue the evidence was in direct conflict), and that he was apprehended in the act of stealing fish, the question arises, Was this storage compartment or refrigerator a part of the building, within the meaning of the statute? This compartment was constructed of wood, cork, and cement composition, against one of the walls of the leased premises. The evidence does not disclose whether it was a mere fixture, or whether it was so constructed as to be a part of the building.

It has been held that a servant may be guilty of burglary by entering a room in his master's house by force, with felonious design, and the force necessary to effect the entrance need be no more than the lifting of a latch; but the intent to

commit the felony must exist at the time of the breaking and entry. If the intent should be suddenly formed in the servant's mind to steal some of his master's property located in a portion of the house to which the servant has free and ready access in the usual course of his employment, he is not guilty of burglary if he takes such property. 4 R. C. L. 424, and cases cited; note, 139 Am. St. Rep. 1063; State v. Sullivan, 34 Idaho, 68, 199 P. 647, 17 A. L. R. 902. To break into trunks, cupboards, and the like, would not constitute burglary. 9 C. J. 1012. If the person entering has a right to do so, although he intend to commit and actually does commit a felony, and although he may enter in such a way as would be a breaking, if he had no right to enter, it will not be burglary. 9 Corpus Juris, 1016, and cases cited.

Since the evidence is not clear that this refrigerator compartment was a part of the building, within the meaning of the statute, that doubt should be resolved in favor of the defendant. As to whether or not he had been authorized to enter this compartment was a question of fact for the jury.

From the argument of counsel, and from the dialect used by the defendant in testifying, we assume that the defendant was a negro, although there is no positive testimony to that effect in the record. On the examination of prospective jurors on their voir dire, a request was made for permission to interrogate them as to whether they were members of the Ku Klux Klan, in order that the defendant might intelligently exercise his peremptory challenges. This request was by the court denied. As was held in the case of Johnson v. State, 28 Okla. Cr. 254, 230 Pac. 525, the defendant, upon a proper showing, should be accorded that right. We are unable to determine from the record in this case whether the denial of that right operated to the prejudice of the defendant.

Because of the insufficient showing made, indicating that this fish and oyster compartment was a part of the building, as contemplated by statute, the cause is reversed and remanded.

MATSON, P. J., and DOYLE, J., concur.